# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**JAMES C. JACKSON,**

        **Plaintiff,**

v.                                                     Case No. 25-CV-1166

**ILLINOIS CENTRAL RAILROAD COMPANY, et al.,**

        **Defendants.**

## ORDER

Plaintiff James C. Jackson moves under Fed. R. Civ. P. 4(f)(3) for permission to serve defendant Canadian National Railway Company and two executives he named individually as defendants—Tracy Robinson and Josee Girard—by serving the registered agent for its domestic subsidiary, Illinois Central Railroad Company. (ECF No. 16 at 2.) Jackson alleges that Canadian National Railway Company "maintains a substantial operational presence in the United States through … Illinois Central Railroad Company." He further alleges that "both Tracy Robinson (President and CEO) and Josee Girard (Executive Vice President and Chief People Officer) act within CN's management chain that oversees U.S. operations, and their contact and communication routes are established through CN's U.S. headquarters." (ECF No. 16 at 2.)

If Illinois Central Railroad Company is sufficiently connected to Canadian National Railway Company so as to be its involuntary agent for service of process under Illinois law, then Rule 4(f)(3) is inapplicable; Jackson may simply serve Illinois Central Railroad Company under Rule 4(e)(1). *See Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 707 (1988); *Chung v. Tarom, S.A.*, 990 F. Supp. 581, 584 (N.D. Ill. 1998); *King v. Perry & Sylva Mach. Co.*, 766 F. Supp. 638, 639-40 (N.D. Ill. 1991).

But by seeking leave under Rule 4(f)(3), Jackson appears to be conceding that Illinois Central Railroad Company is *not* sufficiently affiliated with and controlled by Canadian National Railway Company so as to constitute its involuntary agent for service of process. In this instance, the court could not approve service under Rule 4(f)(3) because such service would be unlikely to comport with due process.

In any event, the allegations in Jackson's motion are insufficient for the court to conclude that service on Illinois Central Railroad Company would satisfy the minimums of due process. Jackson's description of the relationship between Illinois Central Railroad Company and Canadian National Railway Company is that of a fairly ordinary parent-subsidiary relationship. A domestic subsidiary is not necessarily a process agent for a foreign parent. *Chung*, 990 F. Supp. at 584.

Because Jackson has failed to demonstrate that service on Illinois Central Railroad Company would satisfy the minimums of due process for service on Canadian National Railway Company, Tracy Robinson, and Josee Girard, his "Motion

for Permission to Serve Foreign Defendants Through U.S. Registered Agent" (ECF No. 16) is **denied**.

**SO ORDERED.**

Dated at Green Bay, Wisconsin this 15th day of October, 2025.

*s/ Byron B. Conway*
BYRON B. CONWAY
U.S. District Judge
