**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

**JAMES C. JACKSON,**

**Plaintiff,**

**v.** **Case No. 25-CV-1166**

**ILLINOIS CENTRAL RAILROAD COMPANY, et al.,**

**Defendants.**

# ORDER

## 1. Background

Before the court is James C. Jackson's motion to compel the defendants' response to his Request for Production No. 21. (ECF No. 40.) He asks the court to order the defendants "to conduct a reasonable search of corporate custodians and repositories reasonably likely to contain responsive documents concerning Richard Gerrow, Brian White, and Ian Allan, including relevant HR, employee-relations, investigation, disciplinary, personnel, and email records within Defendants' possession, custody, or control." (ECF No. 36 at 1.) He alleges that these individuals are potential comparators and the discovery is relevant to the question of whether he was treated differently because of his race or exercise of his FMLA rights.

As a preliminary matter, the court cautions Jackson that all filings must comply with General Local Rule 5(a)(5). Specifically, the text of all filings must be

double-spaced. The court will strike any future non-compliant filings. Moreover, Jackson shall not file documents consisting of photographs of other documents. There are many reliable and easy means of reproducing documents without resorting to difficult-to-read or illegible photographs.

The defendants oppose the motion "because it is untimely, seeks discovery beyond the limits established for this case, disregards the parties' agreement resolving the dispute, and would impose substantial burden for little or no probative value." (ECF No. 40 at 1.) It notes that it has already turned over the discipline records related to these individuals, and those records demonstrate that they were not similarly situated to Jackson. Rather, Jackson is asking that the defendants undertake an expensive enterprise-wide search of all records in the hopes that there might be something else out there that will support his case.

Jackson replies that "[t]he requested investigation records may show what evidence was gathered, whether intent was examined, who recommended the outcome, whether termination was considered, and whether comparable safety or accuracy concerns were treated differently." (ECF No. 44 at 6.)

**2. Analysis**

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). A motion to compel may be filed when the opposing party fails to respond to a discovery request or when its response is insufficient. Fed. R. Civ. P. 37(a). "[D]istrict judges have broad discretion over discovery matters, including the

appropriate scope of discovery." *Brown v. Montgomery*, No. 25-1220, 2025 U.S. App. LEXIS 33095, 2025 LX 593213, at *5 (7th Cir. Dec. 18, 2025) (citing *Beathard v. Lyons*, 129 F.4th 1027, 1036 (7th Cir. 2025)).

Evidence of comparators—similarly situated employees who were not subject to the same discipline—is relevant to the question of whether the discipline the plaintiff received was a pretext for discrimination. *See Coleman v. Donahoe*, 667 F.3d 835, 841 (7th Cir. 2012). However, relevance is only half of the inquiry. "Not all relevant information is discoverable." *Motorola Sols., Inc. v. Hytera Communs. Corp*, 365 F. Supp. 3d 916, 924 (N.D. Ill. 2019). The demand must also be

> proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1).

Thus, an employer defendant is not required to perform every conceivable search simply because it might uncover something that could plausibly be characterized as comparator evidence. Courts may deny demands for comparator evidence that are overbroad, *see, e.g.*, *Black v. Friedrichsen*, No. 1:19-cv-00307-WCL-SLC, 2021 U.S. Dist. LEXIS 9003, at *10 (N.D. Ind. Jan. 19, 2021), or are unnecessarily intrusive or expensive, *see Balderston v. Fairbanks Morse Engine Div. of Coltec Indus.*, 328 F.3d 309, 320 (7th Cir. 2003) (quoting *Gehring v. Case Corp.*, 43 F.3d 340, 342 (7th Cir. 1994)).

Significantly, the defendants have already provided Jackson with the alleged comparators' disciplinary records. (ECF No. 40 at 3.) Defense counsel has also confirmed with an official of the railroad that she had no further responsive records. (ECF No. 40 at 3-4.) Jackson deposed the relevant decision makers, and those witnesses have stated that additional evidence is unlikely to exist because they tended to communicate in person rather than by email or text.

Jackson nonetheless demands that the defendants again search its "systems" (what systems are unclear) for any electronically stored information that might be responsive to the request. (ECF No. 40 at 4.) He argues that the disciplinary records alone are insufficient because how the decision makers subjectively characterized other individuals misconduct is relevant to whether the other individuals are appropriate comparators. Specifically, it is the defendants' position that it fired Jackson because his misconduct involved willful dishonesty whereas the alleged comparators were disciplined for negligent misconduct that did not involve dishonesty. Jackson appears to hope that a further search will uncover a record that contradicts the testimony of the decision makers and will show that they regarded the alleged comparator's conduct as either willful or involving dishonesty.

Whether the three individuals truly are fair comparators is a matter for summary judgment. But for present purposes, the defendants have made clear that they have provided Jackson with relevant information to enable him to make that argument. Jackson's suspicion or hope that there may be collateral documents to be

disclosed notwithstanding all evidence to the contrary does not justify requiring the defendants to undertake another search.

Granted, while referring to the search as "costly," the defendants provide no hint as to what that cost may be. A search for electronically stored information, even across an entire enterprise, is unlikely to impose a significant cost when gauged against the ordinary costs of litigation. Nonetheless, the defendants have demonstrated that even if the cost was trivial, a further search is wholly unnecessary.

The evidence regarding comparators that the defendants have provided appears to be at least as comprehensive as that which is routinely provided to similarly situated plaintiffs. Insofar as the decision maker's subjective motivations are relevant to the question of whether they are comparators, Jackson had the opportunity to depose those witnesses. Consequently, Jackson's demand that the defendants look again for additional collateral information is extraordinary and imposes a burden on the defendants that is disproportionate to the needs of the case particularly in the absence of any indication that additional collateral evidence exists. Accordingly, the court will deny Jackson's motion to compel.

Jackson also requests additional time to respond to the defendants' motion for summary judgment. (ECF Nos. 36; 56.) Those motions are granted. Jackson shall respond to the defendants' motion for summary judgment within 30 days of this order.

**IT IS THEREFORE ORDERED** that Jackson's motion to compel (ECF No. 36) is **denied**. The defendants shall file any request for expenses under Fed. R. Civ.

P. 37(a)(5) within **21 days** of this order. Briefing on the request shall proceed in accordance with Civil Local Rule 7(b) and (c).

**IT IS FURTHER ORDERED** that Jackson's motions for an extension of time (ECF Nos. 36; 56) are **granted**. Jackson shall respond to the defendant's motion for summary judgment within **30 days** of this order.

**IT IS FURTHER ORDERED** that the defendants' motion to restrict documents (ECF Nos. 39; 49) are **granted**.

Dated at Green Bay, Wisconsin this 20th day of October, 2026.

*s/ Byron B. Conway*
BYRON B. CONWAY
U.S. District Judge